IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TOM FRANKLIN,                     ) | CIVIL NO. 13-00457 SOM/KSC |
|         Plaintiff,              ) | ORDER DISMISSING COMPLAINT; |
|     vs.                            ) | ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS |
| GMAC MORTGAGE; US NATIONAL        ) BANK ASSOCIATION; OCWEN LOAN   ) SERVICE,                          ) | |
|         Defendants.             ) | |

**ORDER DISMISSING COMPLAINT;**
**ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

On September 9, 2013, Plaintiff Tom Franklin, proceeding pro se, filed the present Complaint. Concurrent with the filing of the Complaint, Franklin filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Because the Complaint fails to allege a viable claim, the Complaint is dismissed, rendering the Application moot.

Any court of the United States may authorize the commencement of a suit, without payment of fees or security therefor, by a person who submits an affidavit demonstrating he or she is unable to pay such costs or give such security. 28 U.S.C. § 1915(a). Although the Application demonstrates that Franklin cannot afford to prepay the costs of initiating this action, this court may deny leave to proceed in forma pauperis at

the outset if it appears from the facts of the Complaint that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see also Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).  Franklin's Complaint fails to state a claim on which the court can grant relief.

The Complaint's allegations are insufficient to survive a Rule 12(b)(6) motion to dismiss, as they are nothing more than conclusory allegations unsupported by factual detail.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Although the Complaint contains legal conclusions that certain United States Code provisions and Georgia statutes have been violated, the Complaint lacks any factual allegations supporting those legal conclusions.  For example, Franklin claims that GMAC Mortgage is a debt collector that has violated the Fair Debt Collections Practices Act and also violated certain Georgia laws by failing to cease collection efforts until the underlying debt was verified.  However, other than a reference to a letter allegedly sent by GMAC Mortgage to Franklin, the Complaint is devoid of factual allegations supporting those claims.  The

Complaint does not identify the basis or bases of the alleged debt such that it establishes that GMAC Mortgage is indeed a debt collector (as opposed to a mortgagor attempting to collect its own debt).  Nor does it allege sufficient factual detail concerning GMAC Mortgage's failure to validate the debt or cease collection efforts.  In short, the Complaint simply recites the elements of the causes of action and concludes that various violations occurred without providing any factual support.  That is not sufficient.

Having screened the Complaint under § 1915, the court dismisses the Complaint for failure to state a claim on which relief can be granted.  No later than October 24, 2013, Franklin may file an Amended Complaint that contains sufficient factual allegations to support the relief requested.  Any Amended Complaint must be complete in itself.  That is, it may not incorporate by reference the original Complaint.

If Franklin chooses to file an Amended Complaint, he must pay the applicable filing fee or submit another Application.  The court cautions Franklin that the doctrine of res judicata may bar any action filed in this court and that venue may be improper here.  See, e.g., Franklin v. GMAC Mortgage, 2013 WL 3188728 (3d Cir. June 21, 2013) (affirming dismissal of a complaint that appears to have alleged the same claims for failure to state a claim); Franklin v. GMAC Mortgage, 2013 WL 2367791 (N.D. Tex. May

30, 2013) (transferring what appear to be the same claims to the Fort Worth Division of the Northern District of Texas; noting that other claims filed by Franklin involving the same defendants in federal district courts in the District of Columbia and New York were transferred to the Fort Worth Division and later dismissed).  Failure to timely file an Amended Complaint along with payment of the applicable filing fee or submission of a new Application will result in the automatic dismissal of this action.

        IT IS SO ORDERED

        DATED:  Honolulu, Hawaii, September 30, 2013.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Franklin v. GMAC Mortgage, et al., Civil No. 13-00457 SOM-KSC; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS